927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
PATRICIA J. PIKUS, INC., d/b/a Tarantino's, Inc., Respondent.
 No. 90-6416.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1991.
 
 1
 Judgment Enforcing an Order of the National Labor Relations Board, 8-CA-20299.
 
 NLRB
 
 2
 ORDER ENFORCED.
 
 
 3
 Before RYAN and ALAN E. NORRIS, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge
 
 
 4
 The National Labor Relations Board (the "Board") applies to this court for summary entry of judgment enforcing its order dated May 3, 1990, in Case No. 8-CA-20799, against the Respondent, Patricia J. Pikus, Inc., d/b/a Tarantino's, Inc., its officers, agents, successors, and assigns. By letter dated November 30, 1990, David Tarantino requested an extension of time to respond to the Board's application. He stated such an extension was necessary to obtain the services of new counsel. An extension of time was granted until January 22, 1991. To date, the court has received no further communications from the respondent or its representatives.
 
 
 5
 It therefore is ORDERED that the application for summary entry of judgment is granted. The Respondent, Patricia J. Pikus, Inc., d/b/a Tarantino's, Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 6
 (a) Unilaterally failing and refusing to make contributions to the Union fringe benefit funds when it is required to do so by law.
 
 
 7
 (b) Coercively informing and threatening employees that they would have to forego union representation if they wished to retain their jobs.
 
 
 8
 (c) Discriminating against employees by discharging them because they support the Union, wish to remain Union members, refuse to abandon the Union or engage in other Union activities.
 
 
 9
 (d) In any like or related manner interfering with, restraining or coercing its employees in the exercise of their rights guaranteed by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 10
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 11
 (a) Reimburse the Union fringe benefit funds for all payments due and owing from October, 1988 through June, 1989, including penalties and interest.
 
 
 12
 (b) Offer Gus Kish and Loren Klimko full and immediate reinstatement to their former jobs, or if those jobs no longer exist, to substantially equivalent positions of employment without prejudice to their seniority rights or other rights or privileges and make them whole for any loss of pay or benefits suffered as a result of the discrimination against them, in the manner described in the "Remedy" section of the Administrative Law Judge's Decision.
 
 
 13
 (c) Preserve and upon request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of money owed to the Union's fringe benefit funds or backpay due under the terms of this Judgment.
 
 
 14
 (d) Post at its place of business in Cleveland, Ohio, copies of the notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region Eight of the National Labor Relations Board (Cleveland, Ohio), after being signed by Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained by it for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 15
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 17
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 18
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 19
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 20
 To bargain collectively through representatives of their own choice
 
 
 21
 To act together for other mutual aid or protection
 
 
 22
 To choose not to engage in any of these protected concerted activities
 
 
 23
 WE WILL NOT fail or refuse to recognize and bargain collectively and in good faith with The Northeast Ohio District Council, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, as the exclusive collective-bargaining representative of our employees in the appropriate unit, or fail or refuse to honor collective bargaining agreements applicable to those employees. The appropriate unit is:
 
 
 24
 All full time and regular part time woodworkers, journeymen and apprentices, excluding all warehousemen, truck drivers, service employees, office clerical employees, professional employees, guards and supervisors as defined in the Act.
 
 
 25
 WE WILL NOT unilaterally fail and refuse to make contributions to the Union fringe benefit funds when we are required to do so by law.
 
 
 26
 WE WILL NOT coercively inform and threaten employees that they will have to forego Union representation if they wish to retain their jobs.
 
 
 27
 WE WILL NOT discriminate against employees by discharging them because they support the Union, wish to remain Union members, refuse to abandon the Union or engage in other Union activities.
 
 
 28
 WE WILL NOT in any like or related manner interfere with, restrain or coerce our employees in the exercise of their rights guaranteed by Section 7 of the Act.
 
 
 29
 WE WILL reimburse the Union fringe benefit funds for all payments due and owing from October, 1988 through June, 1989, including penalties and interest.
 
 
 30
 WE WILL offer Gus Kish and Loren Klimko full and immediate reinstatement to their former jobs, or if those jobs no longer exist, to substantially equivalent positions of employment without prejudice to their seniority rights or other rights or privileges and make them whole for any loss of pay or benefits suffered as a result of our discrimination against them, with interest.
 
 
 31
 PATRICIA J. PIKUS, INC.,
 
 
 32
 /s/ d/b/a TARANTINO'S INC.
 
 
 33
 /s/ (Employer)
 
 
 34
 Dated __________________ By _____________________________________ (Representative) (Title)
 
 
 35
 THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE
 
 
 36
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 E 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone No. (216) 522-3715.